LÓPEZ, APPELLANT, *v.* THE REGISTRAR OF AGUADILLA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Admit to Record a Deed of Bargain and Sale.

No. 220.—Decided March 18, 1915.

Motion for reconsideration decided April 26, 1915.

CONVEYANCE—SUCCESSION—DEED OF RATIFICATION.—By private document executed during his wedlock with Micaela Rivera y Ríos Juan Dionisio Iturrino sold to Víctor Martínez y Martínez a piece of land with several houses thereon belonging to the conjugal partnership. The spouses Iturrino-Rivera died and were succeeded by Camila Teresa de Jesús Iturrino, heiress of both, and Blanca Teresa Arias y Rivera, heiress of Micaela Rivera y Ríos only as the offspring of her first marriage. Víctor Martínez y Martínez died and was succeeded by his heir, Víctor Primo Martínez y González. The land and houses in question being community property, it devolved upon Camila Teresa de Jesús Iturrino and Blanca Teresa Arias y Rivera, as the persons composing the successions of Dionisio Iturrino and of Micaela Rivera y Ríos, to execute the deed of ratification of sale of the said prop-

erty to Víctor Primo Martínez y González, for if only one of them were a party to the deed, both successions would not be fully represented.

ID.—DEED OF RATIFICATION—RECORD OF TITLE.—In view of the foregoing doctrine, a registrar is justified at law in refusing to admit to record a deed of ratification of sale not executed by all of the parties having an interest in the property sold.

ID.—ID.—AUTHORIZATION OF COURT—MINORS.—The orders of a district court authorizing first the mother and then the tutor of one of the heirs to execute the deed of ratification in the name of the heir can have no other legal effect than that shown on their face, i. e., to give to the minor heir the legal capacity to execute the deed in so far as it concerns her interest, without prejudice to rights which any other interested person may have.

### ON RECONSIDERATION.

PLEADING—NEW QUESTIONS.—Questions of law already decided in the negative cannot be substituted by other new questions in motions for reconsideration for the purpose of obtaining a favorable result, for this would mean interminable controversies.

The facts are stated in the opinion.

*Mr. Carlos Franco Soto* for the appellant.

Mr. Rafael Tirado Verrier, the registrar, appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public deed No. 113 of October 7, 1914, executed before Notary Alfredo Blasco Pagán, Camila Teresa de Jesús Iturrino y Rivera, a minor, jointly with her husband, Félix López y Arce, and her tutor, Dionisio Mateo López y Arce, ratified a contract for the sale of four *cuerdas* of land containing several houses in favor of Víctor Primo Martínez y González, as the heir of his deceased father, Víctor Martínez y Martínez, the said sale having been made by Juan Dionisio Iturrino y Rivera, father of the said minor, to Víctor Martínez y Martínez by a private document dated March 1, 1912, in which the vendee agreed to pay to the vendor the sum of $3,000 with interest at 12 per cent per annum on August 30 of said year when the private document should be raised to a public document. Later the time was extended to the month of August, 1913.

The said deed having been presented in the Registry of Property of Aguadilla, the registrar refused to admit the

same to record for the reasons stated in the following decision:

"Admission to record of the foregoing instrument is denied because, as it appears from the registry that the properties grouped therein have the character of community property, since they were acquired by Juan Dionisio Iturrino y Rivera during his wedlock with Micaela Rivera y Ríos, and said spouses having died, the deed of ratification of the said sale should be executed by all of their heirs, and the instrument does not show that Blanca Teresa Arias y Rivera, an offspring of the first marriage of Micaela Rivera y Ríos and therefore her heiress, had consented to said ratification. The cautionary notice prescribed by law has been entered for the legal period in favor of Víctor Primo Martínez y González on page 79 of vol. 32 of San Sebastián, property No. 1811, entry letter 'A'; with the curable defect of failure to state the area of the consolidated property according to the metric system. Said notice was entered after examining the following exhibits: A certified copy of the will of Juan D. Iturrino y Rivera No. 96, executed in the city of San Juan on July 4, 1912, before Notary José E. Benedicto; a certified copy of the will of Micaela Rivera y Ríos, No. 309, executed in the town of San Sebastián on November 13, 1902, before Notary Juan Mercader y Rodríguez; five certificates issued by Telésforo Cabán, Secretary of the District Court of Aguadilla, on May 4, May 19, June 23, August 8, 1914, and January 15, 1915, relative to authorization by the court, its extensions and transfers and the appointment of a tutor; a certificate of the marriage of Iturrino y Rivera to Micaela Rivera y Ríos; certificates of the deaths of Iturrino y Rivera and Micaela Rivera y Ríos; a receipt for inheritance taxes on the estate of the latter, and another paper."

This decision is submitted to our consideration in an administrative appeal taken therefrom by Dionisio Mateo López y Arce, the tutor of the minor.

The following facts appear from the deed of October 7, 1914, and the documents mentioned in the decision appealed from:

*First.* That by a private document of March 1, 1912, Juan Dionisio Iturrino y Rivera, during his wedlock with Micaela Rivera y Ríos, sold the said piece of land with the houses thereon to Víctor Martínez y Martínez.

*Second.* That Víctor Martínez y Martínez died in the month of August of 1912, leaving his son, Víctor Primo Martínez y González, as his heir; that Juan Dionisio Iturrino y Rivera died in the month of October of 1913, his wife, Micaela Rivera y Ríos, and their daughter Camila Teresa de Jesús Iturrino y Rivera, surviving him, and that on the latter date the private contract for the sale of the property had not been raised to a public document nor had the price agreed upon been paid.

*Third.* That by an order of May 1, 1914, the District Court of Aguadilla granted the proper authorization to the widow, Micaela Rivera y Ríos, to ratify in the name of her daughter, Camila Teresa de Jesús Iturrino y Rivera, the said sale in favor of Víctor P. Martínez y González and to receive the contract price of $3,000 which was to be deposited in the *Banco Comercial* of Aguadilla pending the partition of the hereditary estate left upon the death of Juan Dionisio Iturrino.

*Fourth.* That Micaela Rivera y Ríos having died leaving a will in which she named as her sole and universal heirs her daughter Blanca Teresa Arías y Rivera of her first marriage with Gervasio Arias y Fernández and her daughter Camila Teresa de Jesús Iturrino y Rivera of her second marriage with Iturrino, without having made use of the judicial authorization granted her by the order of May 1, 1914, the District Court of Aguadilla, by an order of August 11, 1914, authorized Dionisio Mateo López y Arce, the tutor of Camila Teresa de Jesús, to execute in her name the public deed of bargain and sale to the land and houses referred to in the private document of May 1, 1912, in favor of Víctor P. Martínez y González and to receive the $3,000 agreed upon, which sum he should deposit in the branch of the *Banco Comercial* in Aguadilla to be invested as ordered in the deed of partition of the estate of Juan Dionisio Iturrino finally approved by the said court.

The facts stated lead us to the conclusion that the Regis-

trar of Property of Aguadilla acted correctly in denying the record applied for.

As to whether the said land and houses should or should not be classified as community property acquired by Juan Dionisio Iturrino during his wedlock with Micaela Rivera y Ríos, is a question not discussed in this appeal. The registrar classified them as such and his ruling has not been disputed by the appellant.

The question of law at issue is, the said land and houses being community property, whether Blanca Teresa Arias y Rivera should have joined in the deed of ratification of the sale of October 7, 1914, as held by the registrar in the decision appealed from against the opinion of the appellant, based on the rulings of the District Court of Aguadilla of May 1 and August 11, 1914, and on the fact set out in the second of said rulings to the effect that when the tutor, Dionisio Mateo López y Arce, petitioned for authorization to execute the public deed of sale in the name of the minor Camila Teresa de Jesús, he also desired that the sum of $1,853.27 allotted to Micaela Rivera y Ríos out of the proceeds of the sale should be deposited at the disposal of the heirs or successors in interest of the said Micaela pursuant to the deed of partition of the estate of Juan Dionisio Iturrino y Rivera which accompanied the said petition.

Our opinion coincides with that of the registrar.

The land and houses in question being community property, it devolved upon the spouses Juan Dionisio Iturrino and Micaela Rivera y Ríos to execute the deed of sale in favor of Víctor P. Martínez y González. Upon the death of Iturrino, Micaela Rivera and her daughter Camila Teresa de Jesús Iturrino were the proper parties to execute the said deed, the former as a member of the conjugal partnership and both as composing the succession of Iturrino. Upon the death of the widow, the persons succeeding to her rights and therefore the ones to join in the execution of the deed

are her daughters Blanca Teresa Arias y Rivera and Camila Teresa de Jesús Iturrino, whom she named as her heirs in her will. If only one were a party to the deed the succession would not be fully represented.

The orders of the District Court of Aguadilla authorizing first the mother and then the tutor to execute the deed of sale in the name of Camila Teresa de Jesús Iturrino, and the fact that the land and houses in question were not included in the deed of partition of the estate of Juan Dionisio Iturrino but only the purchase price of $3,000 was allotted to the participants, are immaterial to the case. The said orders can have no other legal effect than that shown on their face, *i. e.*, to give to the minor Camila Teresa de Jesús Iturrino the necessary capacity to execute the said deed in so far as it concerns her interest, without prejudice to the rights which any other heir may have. The allotment of $1,853.27 out of the purchase price of the land and houses to the widow, Micaela Rivera, shows clearly that both the daughter by the second marriage and also the daughter by the first marriage are interested parties in the execution of the deed of sale of the land and houses, from the proceeds of the sale of which the said amount was obtained.

The decision appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.

A motion for reconsideration having been filed later, the court rendered the following decision thereon on April 26, 1915:

### BY THE COURT.

WHEREAS, The decision of this court of March 18 last, whose reconsideration is requested, is based on the fact stated in the decision appealed from that the lands and houses referred to in the deed whose admission to record was denied by the Registrar of Aguadilla were community property;

WHEREAS, In his brief in support of the appeal praying for the reversal of the said decision the appellant did not object to the classification of said property as community property, as was said in the opinion on which the decision of March 18 was based, as follows:

"As to whether the said land and houses should or should not be classified as community property acquired by Juan Dionisio Iturrino during his wedlock with Micaela Rivera y Ríos, is a question not discussed in this appeal. The registrar classified them as such and his ruling has not been disputed by the appellant."

WHEREAS, In the motion to reconsider it is now contended that the registrar committed a fatal error in making the said classification and proof is presented tending to support said contention;

WHEREAS, Questions of law already decided in the negative cannot be substituted by other new questions in motions for reconsideration for the purpose of obtaining a favorable result, for this would mean interminable controversies;

The motion for reconsideration of April 14, instant, is

*Overruled.*